UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

KIMBERLEY A. H.,[1]

        Plaintiff,

   v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

        Defendant.

Case No. 3:20-CV-01572-YY

OPINION AND ORDER

YOU, Magistrate Judge.

    Plaintiff Kimberley A. H. seeks judicial review of the final decision by the Social Security Commissioner ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g).

    The Commissioner has filed a Motion for Remand (ECF 17), conceding that the case should be remanded for further proceedings. Plaintiff argues the case should be remanded for full award of benefits. Reply, ECF 18. After considering the respective arguments of the parties,

---

[1] In the interest of privacy, the court uses only plaintiff's first name and the first initial of plaintiff's last name.

1 – OPINION AND ORDER

the court grants the Commissioner's motion, reverses the agency's decision, and remands the matter for further proceedings.

## BACKGROUND

Plaintiff protectively filed for DIB on April 5, 2018, alleging disability beginning on February 15, 2018. Plaintiff's application was initially denied on October 5, 2018, and upon reconsideration on February 28, 2019. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which took place on December 20, 2019. At that hearing, plaintiff and a vocational expert testified. The ALJ issued a decision on January 15, 2020, finding plaintiff not disabled within the meaning of the Act.

The Appeals Council denied plaintiff's request for review on July 14, 2020. Therefore, the ALJ's decision is the Commissioner's final decision and subject to review by this court. 20 C.F.R. § 416.1481.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). This court must weigh the evidence that supports and detracts from the ALJ's conclusion and "'may not affirm simply by isolating a specific quantum of supporting evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009-10 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). This court may not substitute its judgment for that of the Commissioner when the evidence can reasonably support either affirming or reversing the decision. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Instead, where the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld if it is "supported by inferences

reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted); *see also Lingenfelter*, 504 F.3d at 1035.

## SEQUENTIAL ANALYSIS AND ALJ FINDINGS

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)). The claimant bears the burden of proof at steps one through four. *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001). The Commissioner bears the burden of proof at step five. *Id.* at 953-54.

At step one, the ALJ found plaintiff had not engaged in substantial gainful activity since February 15, 2018, the alleged onset date. Tr. 17. At step two, the ALJ determined plaintiff suffered from the following severe impairments: rheumatoid arthritis; right knee arthritis with a history of right knee arthroscopy and meniscectomy; bilateral hand arthritis; fibromyalgia; lumbar radiculopathy (20 CFR 404.1520(c)). *Id.*

At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 17.

The ALJ next assessed plaintiff's residual functional capacity ("RFC") and determined plaintiff:

> could perform sedentary work as defined in 20 § CFR 404.1567(a), in that she could perform light work as defined in 20 CFR 404.1567(b) with lifting and carrying of 20 pounds occasionally and 10 pounds frequently; except that she can stand and/or walk for a total of about six hours in an eight-hour workday, and sit

3 – OPINION AND ORDER

>for a total of about six hours in an eight-hour workday, with normal breaks. She can frequently push and/or pull bilaterally with her upper extremities. She can occasionally climb ramps or stairs, and cannot climb ladders, ropes, or scaffolds. She can frequently balance and stoop. She can occasionally kneel, crouch, and crawl. She can frequently handle bilaterally. She must avoid concentrated exposure to workplace hazards such as operational control of moving machinery and unprotected heights.

Tr. 20.

At step four, the ALJ found plaintiff was capable of performing past relevant work as a general clerk and an administrative clerk, which the ALJ observed does not require the performance of work-related activities precluded by plaintiff's RFC. Tr. 27. Thus, the ALJ concluded plaintiff was not disabled. *Id.*

## DISCUSSION

When a court determines the Commissioner erred in some respect in making a decision to deny benefits, the court may affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for a rehearing." *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting 42 U.S.C. § 405(g)). In determining whether to remand for further proceedings or immediate payment of benefits, the Ninth Circuit employs the "credit-as-true" standard when the following requisites are met: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, (2) the record has been fully developed and further proceedings would serve no useful purpose, and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the plaintiff disabled on remand. *Garrison*, 759 F.3d at 1020. Even if all of the requisites are met, however, the court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled." *Id*. at 1021.

4 – OPINION AND ORDER

Here, the first prong of the *Garrison* test is satisfied.  The Commissioner concedes the ALJ erred in finding that Dr. John Ellison's report was not persuasive but then relying on it "many dozens of times." Mot. 5.  The Commissioner admits that "[b]ecause the ALJ did not find Dr. Ellison's report persuasive, it was inconsistent for the ALJ to then rely on his examination findings throughout the decision." *Id.*

The Commissioner also concedes that further administrative proceedings are required to reevaluate Dr. Mollie Thompson's opinion. *Id.* at 6.  The Commissioner observes that the ALJ's "reasoning was not entirely clear, notwithstanding that she provided some valid reasons for finding that Dr. Thompson's opinion was not persuasive." *Id.*  Specifically, the ALJ "referred to some findings that did not necessarily apply to rheumatoid arthritis and/or fibromyalgia." *Id*. at 7.  Finally, the Commissioner concedes that the ALJ should reevaluate plaintiff's symptom testimony because the "analysis of medical evidence . . . bears on the ALJ's assessment of her symptom testimony," *id*., and that the ALJ should also consider all of the lay witness statements that reflect on plaintiff's complaints. *Id.* at 8.

With regard to the second step, the Commissioner argues that the case should be remanded for further proceedings rather than an award of benefits because the "[t]he review of conflicting evidence and unaddressed lay evidence is the role of the ALJ, who is the finder of fact." *Id.* at 9.  The Commissioner also argues that "while the ALJ accurately stated that Dr. Thompson's 'limitation to missing four or more days of month particularly lacks explanation' . . . , the ALJ also may have considered some of Dr. Thompson's findings outside of the context of fibromyalgia and other conditions for which Dr. Thompson treated Plaintiff." *Id*.  Finally, the Commissioner argues that, if plaintiff is disabled, the onset date is at issue, citing, for example,

5 – OPINION AND ORDER

that plaintiff engaged in some "critical household tasks in late 2018." *Id*. The Commissioner argues this is another "unresolved matter that requires remand for further proceedings." *Id.*

The ALJ's findings regarding Dr. Ellison's opinion are indeed inconsistent and confusing. The ALJ found that "while [Dr. Ellison] did not provide functional limitations, to the extent that his findings constitute an opinion that the claimant's physical impairments are nonsevere, this is not persuasive." Tr. 27. The ALJ went on to explain that "[i]t is not supported, as it was based on a single exam during which the claimant appears to have had relatively little knee pain and effusion when compared to her norm." *Id.* The ALJ also observed "[i]t is inconsistent with the medical record, which shows that the claimant had persistent non-minimal symptoms of right knee tenderness (2F/3; 4F/4, 45; 7F/2), slight right knee instability (7F/2), limited range of right knee motion (11F/12; 13F/3; 17F/4), right knee effusion (4F/18; 11F/12; 13F/3; 17F/4), occasional finger tenderness (4F/5; 11F/12), and occasional hip tenderness (7F/2)." *Id.*

Notably, in discrediting Dr. Ellison's report, the ALJ cited to Dr. Ellison's own report three times as part of the "medical record." Otherwise stated, the ALJ relied on Dr. Ellison's report as part of the medical record that she used to discredit Dr. Ellison's opinion. Also, while the ALJ found that Dr. Ellison's opinion regarding plaintiff's physical impairments was "not persuasive," she relied on it multiple times to describe plaintiff's physical functioning and to support the RFC. *See*, *e.g.*, Tr. 22-23 ("The claimant's often nontender hands and wrists (. . . 7F/2), . . . normal pinch and grip strength (7F/2), normal sensation (7F/3), and normal finger and wrist range of motion (7F/2 . . . ) do not support further limitations."); Tr. 23 (finding that plaintiff's lack of muscle spasm or tenderness, "near-normal range of motion," motor strength,

6 – OPINION AND ORDER

muscle tone, sensation, deep tendon reflexes, normal gait, and "intact" lumbar range of motion did not support further limitations).

Plaintiff argues remand is unnecessary because the ALJ found Dr. Ellison's opinion was not persuasive and "[i]t makes no sense" to remand the case for "evaluation of a medical opinion the ALJ found unpersuasive when Plaintiff has not challenged that finding." Reply 3. However, it is unclear whether and to what extent the ALJ indeed rejected Dr. Ellison's opinion, given the numerous contradictions in the ALJ's decision. In short, this court cannot make sense of this confusing and conflicting decision. Under these circumstances, further proceedings would serve a "useful purpose." *Garrison*, 759 F.3d at 1020; *see also Bixler v. Colvin*, 609 F. App'x 947 (9th Cir. 2015) (remanding to the agency for further proceedings where the ALJ discounted the vocational expert's testimony but the hypothetical was from an acceptable medical source that the ALJ had credited); *Costa v. Astrue*, 743 F. Supp. 2d 1196, 1216 (D. Or. 2010) (remanding for further proceedings where "the ALJ's opinion needs clarification").

On remand, the ALJ shall issue a new decision and in doing so shall:

1) Offer plaintiff the opportunity for a hearing;

2) Reconsider the medical opinions, applying the standard of review in 20 C.F.R. § 404.1520c;

3) Reconsider plaintiff's subjective complaints and all lay witness statements;

4) Apply Social Security Rulings 12-2p and 16-3p;

5) Reconsider plaintiff's RFC;

6) Reconsider whether plaintiff can perform her past relevant work;

7) Obtain testimony from a vocational expert, if necessary; and

8) Take any further action necessary to complete the administrative record.

7 – OPINION AND ORDER

**ORDER**

The Commissioner's Motion to Remand (ECF 17) is GRANTED, and this case is REVERSED and REMANDED for further proceedings consistent with this decision.

DATED  February 7, 2022.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge

8 – OPINION AND ORDER